IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY JERMAINE GUNN,
Petitioner,

v.

WARDEN EMMERICH,
Respondent.

Case No. 23–CV–00627–JPG

## MEMORANDUM & ORDER

This matter comes before the Court on Petitioner Timothy Jermaine Gunn ("Petitioner" or "Gunn") Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"), where Respondent is the warden.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner can challenge his federal conviction or sentence under Section 2241 only in very limited circumstances. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of

his detention." In order to fit within the savings clause, a petitioner must meet the requirements first set out in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

Gunn was sentenced on January 8, 2010, for conspiracy to distribute at least fifty grams of cocaine base. In this plea agreement, he admitted to responsibility for at least fifty grams of cocaine base. *United States v. Timothy Jermaine Gunn*, Case No. 08-CR-00071-JAJ. He originally received a sentence of 292 months, and later received the benefit of crack cocaine amendments to the sentencing guidelines and was sentenced to 262 months' incarceration on December 2, 2011.

Gunn is now moving for habeas under 18 U.S.C. § 2241. In his petition, he has four grounds for basis of relief. In ground one, Gunn argues that his prior convictions, which qualified him as a career offender were cannabis related in the state of Illinois, and because cannabis use and possession is decriminalized, it is no longer a proper basis for enhancement. Typically, a defendant may not use § 2255 to collaterally attack a state conviction that was used to increase his federal sentence. *Johnson v. United States*, 544 U.S. 295, 303 (2005). However, without an understanding of the underlying case and sentencing documents, the Court will allow this claim to proceed. Secondly, Gunn argues that he was not sentenced to jail time for the prior convictions which resulted in the career criminal enhancement. For the same reason cited above, the Court will allow this claim to proceed.

Third, Gunn indicates he is eligible for a sentence reduction under the FSA, but the judge refused to "implement reduction" pursuant to the factors enumerated in 18 U.S.C. § 3553(a). A motion for habeas under § 2241 cannot be used to appeal the sentencing court's discretion to deny a motion to reduce pursuant to First Step Act. This is not a proper basis under habeas. Section 2241 typically cannot be used to relitigate claims already decided during a direct appeal or during a related habeas proceeding. *E.g., Susinka v. Copenhaver*, 538 Fed.Appx. 724, 724-25 (7th Cir.

2013); *Hernandez v. Owen*, 555 Fed.Appx. 944, 944-45 (11th Cir. 2014); *Crosby v. Brook*, 353 Fed.Appx. 591, 593 (2d Cir. 2009). This claim does not survive a Rule 4 preliminary review.

Fourth, Gunn argues that he did not accept the terms of the plea agreement, he could not read and write, and was incompetent to properly understand exactly what the plea entailed. Gunn, in a § 2255, made argument that guilty plea was "unlawfully adduced or not made knowingly and voluntarily," the "court failed to investigate and determine his competency pursuant to 18 U.S.C. § 4241, and court erred "by denying a motion to withdraw his guilty plea without holding an evidentiary hearing on his competence. *Timothy Jermaine Gunn v. United States of America*, Case No. 4:11-CV-00314-JAJ. The Court pursuant to Rule 4 of the Rules Government Section 2255 Proceedings, dismissed Petitioner's § 2255. The Court indicated it had "scoured" the record and indicated there was no "reasonable cause" to question Petitioner's competence, the court extensively examined Petitioner at the plea hearing, and there was no evidence in the record Petitioner attempted to withdraw his plea. Because Gunn cannot use a § 2241 to relitigate arguments already decided in a § 2255, this claim does not survive preliminary review.

For these reasons, the Court finds Gunn's first two arguments survive screening because, it is not plainly apparent that Gunn is not entitled to habeas relief. Without commenting on the merits of the rest of the claims presented, the Court concludes that the first two arguments survive a preliminary review under Rule 4 and Rule 1(b).

The Court is unclear whether Emmerich is the warden of Greenville Federal Correctional Center. Therefore, the Clerk of Court is DIRECTED to substitute Warden of Federal Correctional Institution at Greenville, Illinois for Respondent Emmerich. Respondent may correct the proper party upon service. Respondent is ORDERED to answer or otherwise respond to the petition (Doc.

1) on or before April 7, 2023. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is ADVISED of his continuing obligation to keep the Clerk of Court and Respondent informed of any change in his address during the pendency of this action. Notification of any changes of address must be made in writing and within 7 days of any transfer or other change in address. Petitioner is WARNED that failure to provide notice may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**
**DATED: March 8, 2023**

                                            **/s J. Phil Gilbert**
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**