UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. GUNN, No. 40829-424,<br><br>  Petitioner,<br><br>  v.<br><br>EMMERICH, Warden,<br><br>  Respondent. | Case No. 3:23-cv-00627-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Lillard's[1] motion to dismiss Gunn's habeas petition under *Jones v. Hendrix*, 599 U.S. 465 (2023). (Doc. 17). The petitioner is incarcerated at the Federal Correctional Institution in Greenville, Illinois, where respondent, Thomas Lillard, is the warden. Finding that Gunn's petition is precluded by *Jones v. Hendrix*, the Court **GRANTS** Lillard's motion to dismiss. Accordingly, Gunn's § 2241 petition is hereby **DISMISSED with prejudice**.

### I.   Background

In 2008, Gunn was charged in the United States District Court for the Southern District of Iowa with conspiracy to distribute at least fifty grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *See United States v. Timothy Jermaine Gunn*, No. 3:08-cr-00071 (S.D. IA). He pled guilty to the charge, and on January 8, 2010, was sentenced to serve 292 months in prison. Gunn appealed this sentence and filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; both were rejected.

---

[1] While Warden Emmerich was initially named in the Petitioner's § 2241, Warden Eric Williams was substituted for Emmerich (Doc. 6). Thomas Lillard succeeded Eric Williams as Warden of FCI Greenville.

Now, Gunn has filed a § 2241 petition seeking relief on the grounds that he was denied effective counsel, he was not competent to plead guilty, an improper enhancement was applied at sentencing, and changes in the sentencing guidelines entitle him to reduction.

## II.     Legal Standard

Prisoners may challenge their sentence pursuant to, *inter alia*, 28 U.S.C. §§ 2241, 2255. A § 2255 petition allows a prisoner to challenge the constitutionality of their conviction or sentence, a § 2241 allows a prisoner to challenge the constitutionality of their custody. 28 U.S.C. §§ 2241(c)(3), 2255(a).

Generally, an inmate may only make a § 2255 motion in the district of their conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). A prisoner is limited to one § 2255 motion without leave of court. A prisoner may file a second or successive petition only if they rely on "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law," 28 U.S.C. § 2255(h)(2), as their basis for relief *and* their petition is authorized by the appropriate court of appeals for the district of their conviction. Under Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "§2255 Habeas Rules"), unauthorized second or successive § 2255 motions must be dismissed.

However, there is an exception to these rules under the "savings clause" of § 2255(e). The "savings clause" allows an inmate to collaterally attack their sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

Until recently, § 2255 was "inadequate or ineffective to test the legality of [a petitioner's] detention" if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial

determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); this occurred when:

> (1) [T]he claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice."
>
> *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (citing *In re Davenport*, 147 F.3d at 609).

Now, § 2255 is *no longer* "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations contemplated by *In re Davenport*. *Jones v. Hendrix*, 599 U.S. 465, 477 (2023). Rather, § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is *impossible* or *impracticable* for a prisoner to seek relief from the sentencing court," *Id*. at 474 (emphasis added), such as, for example, where the court of conviction no longer exists. *Id*. Allowing prisoners to collaterally attack their sentence in § 2241 petitions in any other situation would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and *only* two, circumstances. *Id.* at 477. The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed. *Id.* at 477-78.

Therefore, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another.

Under Rule 1(b) and Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "§ 2254 Habeas Rules"), the Federal Rules of Civil Procedure are applicable to § 2241 petitions. Consequently, when a respondent moves to dismiss a § 2241 petition and it is beyond doubt that the petitioner can prove no plausible set of facts that would entitle them to relief, a court must grant dismissal.

## II.     Analysis

In his § 2241 petition, Gunn makes a host of allegations including ineffective assistance of counsel, lack of competence at pleading, an improper sentencing enhancement, and more. Without opining on their validity, none of them are cognizable under the new rules governing § 2241 proceedings as contemplated by *Jones v. Hendrix*.

All of Gunn's claims are an attempt at collaterally attacking his sentence and, post-*Hendrix*, a § 2255 petition is the only way a prisoner can collaterally attack their sentence unless it is impossible or impracticable for a petitioner to seek relief under § 2255 in the court of their conviction.

The Court observes that Gunn has *already* filed a § 2255 in the court of his conviction—the Southern District of Iowa. There is nothing that would make it impossible or impracticable to seek relief from the Southern District of Iowa nor make it impossible or impracticable to request authorization for a successive § 2255 from the Court of Appeals for the Eighth Circuit.

Therefore, because Gunn is collaterally attacking his sentence and the "savings clause" does not apply post-*Hendrix*, Gunn's § 2241 petition is meritless. As there are no plausible set of facts that Gunn could allege that would entitle him to relief under § 2241, the Court grants Lillard's motion to dismiss.

## III.    Conclusion

For the foregoing reasons, the Court **DISMISSES with prejudice** Gunn's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion

under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  February 26, 2023**

                                                                *s/ J. Phil Gilbert*
                                                                **J. PHIL GILBERT**
                                                                **DISTRICT JUDGE**